# SUMMONS

## STATE OF NEW YORK
## SUPREME COURT          COUNTY OF ALBANY

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                                        Plaintiffs,

    -against-

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

                                        Defendants.

Index No.:
06860-16

To The Above Named Defendants:

**YOU ARE HEREBY SUMMONED,** and required to serve upon plaintiffs' attorneys, an Answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

DATED: November 15, 2016

                          LINNAN & FALLON, LLP

                          By: JAMES D. LINNAN, Esq.
                          *Attorneys for the Plaintiffs*
                          61 Columbia Street, Suite 300
                          Albany, New York 12210-2736
                          Telephone: (518) 449-5400

Trial is desired in the County of Albany
The basis of venue designated above
in the County of Plaintiffs' principal
place of business.

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ALBANY

---

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                                **VERIFIED**
                                **COMPLAINT**

                      Plaintiffs,

     -against-
                                 **Index No.:** O6860-16

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

                      Defendants.

---

     Plaintiffs, by their attorneys, Linnan & Fallon, LLP, as and for a verified Complaint against the defendants, allege as follows:

     1.     That at all times hereinafter mentioned the plaintiff, The Barrel Saloon, LLC was and still is a Limited Liability Company duly organized pursuant to the laws of the State of New York, and maintains an office and principal place of business in the County of Albany, State of New York and holds a license from the State of New York to sell alcoholic beverage at retail for on premises consumption.

     2.     That at all times hereinafter mentioned the plaintiff, CAD on Pearl, LLC was and still is a Limited Liability Company duly organized pursuant to the laws of the State of New York, and maintains an office and principal place of business in the County of Albany, State of New York and holds a license from the State of New York to sell alcoholic beverage at retail for on premises consumption.

1

3.     That at all times hereinafter mentioned the plaintiff, 28 Thatcher LLC was and still is a Limited Liability Company duly organized pursuant to the laws of the State of New York, and maintains an office and principal place of business in the County of Albany, State of New York and holds a license from the State of New York to sell alcoholic beverage at retail for on premises consumption.

4.     That at all times hereinafter mentioned the plaintiff, DeJohn's on Lark, Inc. was and still is a domestic business corporation duly organized pursuant to the laws of the State of New York, and maintains an office and principal place of business in the County of Albany, State of New York and holds a license from the State of New York to sell alcoholic beverage at retail for on premises consumption.

5.     That at all times hereinafter mentioned defendant, Southern Wine and Spirits of Upstate New York, Inc. was a domestic business corporation duly organized pursuant to the laws of the State of New York and maintained an office at 25 Corporate Circle, Suite 102 B, Albany, New York.

6.     That at all times hereinafter mentioned defendant, Southern Glazer's Wine and Spirits of Upstate New York LLC was and still is a domestic Limited Liability Company duly organized pursuant to the laws of the State of New York and maintains an office at 25 Corporate Circle, Suite 102 B, Albany, New York.

7.     That at all times hereinafter mentioned defendant, Southern Wine and Spirits of Upstate New York, Inc. was licensed by the State of New York to sell and distribute alcoholic beverages at wholesale under license #2165243.

8.     That at all times hereinafter mentioned defendant, Southern Glazer's Wine and Spirits of Upstate New York LLC was and still is licensed by the State of New York to sell and distribute alcoholic beverages at wholesale from 25 Corporate Circle, Suite 102 B Albany, New York under license #2165243.

9.     That defendant, Southern Glazer's Wine and Spirits of Upstate New York LLC is licensed by the State of New York to sell and distribute alcoholic beverages at wholesale from 3063 Court Street, Syracuse, New York under license #2606361.

10.    That, upon information and belief, the defendant, Southern Glazer's Wine and Spirits of Upstate New York LLC (hereinafter "Southern Glazer's") is the successor in interest to the defendant, Southern Wine and Spirits of Upstate New York, Inc. (hereinafter "Southern Wine").

11.    That heretofore and during the period of the business relationship between all the plaintiffs and Southern Wine, and until June 2016, the plaintiffs received billing statements captioned "Southern Wine and Spirits" from Southern Wine located in Syracuse, New York directing that payments be made to the Syracuse address.

12.    That heretofore and in about June of 2016 the plaintiffs herein began receiving invoices captioned "Southern Glazer's Wine and Spirits of Upstate New York" from Southern Glazer located in Syracuse, New York directing that payments should be made to the Syracuse address.

13.    That heretofore and in about June of 2016 the plaintiffs' wholesale business relationship for alcoholic beverage previously held by Southern Wine was taken over by Southern Glazer's.

14.     That heretofore and during all the plaintiffs' business relationship with defendants, Southern Wine and Southern Glazer's there was a system known as "Will Call" wherein customers could order alcoholic beverage for purchase at wholesale to be held at the defendants' warehouse, to be picked up by the customer, at a time when the customer was not scheduled to receive a delivery.

15.     Upon information and belief, when a customer received alcoholic beverage using the "Will Call" system, the customer had to sign a receipt or invoice for the alcoholic beverage acknowledging the receipt of same.

16.     Upon information and belief, it was a policy of the defendant, Southern Wine that all alcoholic beverages delivered to or received by a customer from the said defendant via "Will Call" would only be released to the customer upon receipt of a document signed by the customer, acknowledging receipt of the alcoholic beverage.

17.     Upon information and belief, it was and continues to be a policy of the defendant, Southern Glazer's that all alcoholic beverages delivered to or received by a customer from the said defendant via "Will Call" would only be released to the customer upon receipt of a document signed by the customer, acknowledging receipt of the alcoholic beverage.

18.     That heretofore, and in 2011 the plaintiff, The Barrel Saloon, LLC (hereinafter "Barrel") commenced a business relationship with the defendant, Southern Wine wherein the plaintiff, Barrel purchased various alcoholic beverages at wholesale from the said defendant, Southern Wine.

19.     That heretofore, the plaintiff, Barrel entered into an agreement with the said defendant, Southern Wine wherein the said defendant would automatically transfer

4

funds from plaintiff, Barrel's bank account to pay any open invoices for product allegedly delivered to plaintiff, Barrel by the defendant, Southern Wine.

20.     That heretofore and in June of 2016 the procedure of automatic payments for the plaintiff, Barrel set forth above, was taken over and continued by defendant, Southern Glazer's.

21.     That heretofore the plaintiff, Barrel rarely, if ever, utilized the "Will Call" system for the receipt of alcoholic beverages from the defendants, Southern Wine and Southern Glazer's.

22.     That heretofore, and in 2013 the plaintiff, CAD on Pearl, LLC (hereinafter "CAD") commenced a business relationship with the defendant, Southern Wine and Spirits of Upstate New York, Inc. wherein the plaintiff, CAD purchased various alcoholic beverages at wholesale from the said defendant, Southern Wine.

23.     That heretofore, the plaintiff, CAD entered into an agreement with the said defendant, Southern Wine wherein the said defendant would automatically transfer funds from plaintiff, CAD's bank account to pay any open invoices for product allegedly delivered to plaintiff, CAD by the defendant, Southern Wine.

24.     That heretofore and in June of 2016 the procedure of automatic payments for plaintiff, CAD set forth above, was taken over and continued by defendant, Southern Glazer's.

25.     That heretofore the plaintiff, CAD rarely, if ever, utilized the "Will Call" system for the receipt of alcoholic beverages from the defendants, Southern Wine and Southern Glazer's.

26.     That heretofore, and in 2014 the plaintiff, 28 Thatcher LLC (hereinafter "Thatcher") commenced a business relationship with the defendant, Southern Wine and Spirits of Upstate New York, Inc. wherein the plaintiff, Thatcher purchased various alcoholic beverages at wholesale from the said defendant, Southern Wine.

27.     That heretofore, the plaintiff, Thatcher entered into an agreement with the said defendant, Southern Wine wherein the said defendant would automatically transfer funds from plaintiff, Thatcher's bank account to pay any open invoices for product allegedly delivered to plaintiff, Thatcher by the defendant, Southern Wine.

28.     That heretofore and in June of 2016 the procedure of automatic payments for plaintiff, Thatcher set forth above, was taken over and continued by defendant, Southern Glazer's.

29.     That heretofore the plaintiff, Thatcher rarely, if ever, utilized the "Will Call" system for the receipt of alcoholic beverages from the defendants, Southern Wine and Southern Glazer's.

30.     That heretofore, and in 2009 the plaintiff,  DeJohn's on Lark, Inc. (herein "DeJohn's") commenced a business relationship with the defendant, Southern Wine and Spirits of Upstate New York, Inc. wherein the plaintiff, DeJohn's purchased various alcoholic beverages at wholesale from the said defendant, Southern Wine.

31.     That heretofore, the plaintiff, DeJohn's entered into an agreement with the said defendant, Southern Wine wherein the said defendant would automatically transfer funds from plaintiff, DeJohn's bank account to pay any open invoices for product allegedly delivered to plaintiff, DeJohn's by the defendant, Southern Wine.

32.   That heretofore and in June of 2016 the procedure of automatic payments for plaintiff, DeJohn's set forth above, was taken over and continued by defendant, Southern Glazer's.

33.   That heretofore the plaintiff, DeJohn's rarely, if ever, utilized the "Will Call" system for the receipt of alcoholic beverages from the defendants, Southern Wine and Southern Glazer's.

34.   That the plaintiffs herein, jointly and severally claim against the defendants, pursuant to CPLR 1002, that the said defendants engaged in a common scheme or plan to engage in a series of transactions to the damage of all of the plaintiffs.

35.   That, upon information and belief, heretofore the defendant, Southern Wine commenced a series of transactions wherein the defendant, Southern Wine by it agents, servants and/or employees, unlawfully placed orders for alcoholic beverage allegedly to be sold and delivered to licensed retail businesses, including the plaintiffs herein, without the knowledge or consent of the retail business licensees.

36.   That the alcoholic beverage ordered per paragraph 35 was never delivered to or received by the retail business licensees, including the plaintiffs.

37.   That the defendant, Southern Wine invoiced the retail business licensees, including the plaintiffs herein, for the alcoholic beverage in spite of the fact the licensees/plaintiffs did not order or receive the said beverage.

38.   That the defendant, Southern Wine utilized the automatic payment procedure established with the licensees/plaintiffs to collect money from the licensees/plaintiffs for some of these transactions.

39.     That, upon information and belief, the defendant, Southern Wine by its agents, servants and/or employees, paid for some of the orders and invoices without the knowledge or consent of the licensees/plaintiffs.

40.     That the alcoholic beverage ordered on the licensees/plaintiffs retail alcoholic beverage license, as set forth in paragraph 35, was diverted, in violation of the Alcoholic Beverage Law of the State of New York and the Rules of the New York State Liquor Authority, to various third persons or companies.

41.     That heretofore and in about June of 2016 the defendant, Southern Glazer's took over the wholesale business of the defendant, Southern Wine as the successor in interest.

42.     That defendant, Southern Glazer's continued the same common scheme or plan to divert sales of alcoholic beverage from licensees/plaintiffs to various third parties.

43.     That defendant, Southern Glazer's continued the same common scheme or plan to invoice and collect funds from licensees/plaintiffs, in spite of the fact that the alcoholic beverage so ordered pursuant to the plan was never delivered to or received by the licensees/plaintiffs, whose license was listed on the order.

44.     That, upon information and belief, the defendant, Southern Glazer's by their agents, servants and/or employees, paid for some of the diverted alcoholic beverage.

45.     That, upon information and belief, the defendants, Southern Wine and Southern Glazer's utilized the "Will Call" system, as set forth above, to assist the defendants, Southern Wine and Southern Glazer's to carry out the scheme or plan.

46.     That, upon information and belief, the defendants, Southern Wine and Southern Glazer's by their agents, servants and/or employees, unlawfully signed the

licensees/plaintiffs' signature upon delivery receipts for the alcoholic beverage so ordered and diverted per the scheme or plan, without the knowledge or consent of the licensees/plaintiffs.

47.     That the defendants, Southern Wine and Southern Glazer's did not deliver copies of the signed receipts or invoices, utilized by the defendants, Southern Wine and Southern Glazer's to obtain alcoholic beverage from the "Will Call" system, to the licensees/plaintiffs upon whose license was used to order the said alcoholic beverage as set forth herein.

48.     That the plaintiffs herein have demanded copies of all "Will Call" receipts and invoices applicable to their licenses from the defendants herein but the defendants have refused to provide copies all of the "Will Call" receipts and invoices applicable to each of the plaintiffs' alcoholic beverage licenses.

49.     That without auditing all of the "Will Call" receipts and invoices applicable to each of the plaintiffs' licensees, it is impossible for each of the plaintiffs to determine the amount of alcoholic beverage unlawfully ordered on plaintiffs' licenses or to determine the amount of money unlawfully taken from each of the plaintiffs.

50.     That, upon information and belief, the warehouse employees of the defendants, Southern Wine and Southern Glazer's released the alcoholic beverage ordered pursuant to the scheme or plan with actual and/or constructive knowledge that the signatures on the documents acknowledging receipt of the alcoholic beverage were not genuine or authorized.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, THE BARREL SALOON, LLC

51.     The plaintiff, Barrel restates and realleges each and every allegation set forth in paragraph marked 1 through 50 herein as if fully set forth.

52.     That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's did unlawfully convert money and property from the plaintiff, Barrel.

53.     That from 2011 through July 2016 the plaintiff, Barrel had "Will Call" orders that it did not authorize or receive in the sum of $23,870.04

54.     That from 2011 through July 2016 the plaintiff, Barrel was charged for alcoholic beverage and had money withdrawn from its account by defendants, Southern Wine and Southern Glazer's for "Will Call" orders that it did not authorize or receive in the sum that cannot be determined at this time, but in an amount of at least $9,098.00.

55.     That plaintiff, Barrel had done business with the defendants, Southern Wine and Southern Glazer's since 2011 and has been informed and does believe that this scheme or plan has been ongoing, to plaintiff, Barrel's detriment, for an extended period of time.

56.     That as a result of the foregoing, the plaintiff, Barrel has been damaged in the sum of at least $9,098.00 together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, Barrel's licensed establishment but not delivered to or received by the plaintiff, Barrel and interest at 9% from the date of each conversion.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, THE BARREL SALOON, LLC

57.     That the plaintiff, Barrel repeats and realleges each and every allegation

set forth in paragraph marked and designated 1 through 56.

58.     That the defendants, Southern Wine and Southern Glazer's as the holders of New York State licenses authorizing the sale and delivery of alcoholic beverage at wholesale, were bound by the Laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms of their licenses, to deliver alcoholic beverage only to authorized retail licensees and to insure that all alcoholic beverage that it sold and delivered was properly ordered by and delivered to an authorized agent or employee of a retail licensee.

59.     That, upon information and belief, the defendants, Southern Wine and Southern Glazer's had in place certain policies and best practices to insure that alcoholic beverage was only ordered by and delivered to authorized agents or employees of a holder of a license authorized for the retail sale of alcoholic beverage.

60.     That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and employees to receive orders for alcoholic beverage from persons who were not authorized to make such orders on behalf of licensees/plaintiffs whose retail licenses were utilized to place the orders in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

61.     That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to deliver alcoholic beverage to persons who were not authorized to receive alcoholic beverage on behalf of licensees/plaintiffs whose retail licenses were utilized for

the delivery and to accept unauthorized or forged signatures upon documents acknowledging receipt of alcoholic beverage, in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

62.     That as a result of the negligence of the defendants, Southern Wine and Southern Glazer's, and without any negligence on behalf of the plaintiff, Barrel, the said plaintiff has been damaged in the amount of $250,000.00.

63.     That, upon information and belief, the actions and inactions of the defendants, Southern Wine and Southern Glazer's, as set forth herein, were known or should have been known to the managers, officers and/or owners of the defendants, Southern Wine and Southern Glazer's, and as a result of the foregoing the negligence of the defendants herein was gross negligence and a wanton disregard for the truth.

64.     That as a result of the foregoing, the plaintiff, Barrel is entitled to compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, THE BARREL SALOON, LLC

65.     That the plaintiff, Barrel repeats and realleges each and every allegation Set forth in paragraph marked and designated 1 through 64.

66.     That the actions and inactions of the defendants, Southern Wine and Southern Glazer's herein were intentional acts committed by the defendants, Southern Wine and Southern Glazer's for monetary gain and in violation of the laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms and conditions of the said defendants' licenses issued by the New York State

Liquor Authority authorizing the defendants, Southern Wine and Southern Glazer's to sell and distribute alcoholic beverage to retail licensees/plaintiffs at wholesale.

67.    That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's individually and jointly, have committed fraud upon the plaintiff, Barrel all to plaintiff, Barrel's damage in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

## AS AND FOR A FOURTH CAUSE OF ACTION AND FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CAD ON PEARL, LLC

68.    The plaintiff, CAD restates and realleges each and every allegation set forth herein in paragraph marked 1 through 50 herein as if fully set forth.

69.    That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's did unlawfully convert money and property from the plaintiff, CAD.

70.    That from 2013 through July 2016 the plaintiff, CAD had "Will Call" orders that it did not authorize or receive in the sum of $23,043.64

71.    That from 2013 through July 2016 the plaintiff, CAD was charged for alcoholic beverage and had money withdrawn from its account by defendants, Southern Wine and Southern Glazer's for "Will Call" orders that it did not authorize or receive in the sum of at least $10,473.77.

72.    That plaintiff, CAD had done business with the defendants, Southern Wine and Southern Glazer's since 2013 and has been informed and does believe that this scheme or plan has been ongoing, to plaintiff, CAD's detriment, for an extended period of time.

73.     That as a result of the foregoing, the plaintiff, CAD has been damaged in the sum of at least $10,473.77 together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, CAD's licensed establishment but not delivered to or received by the plaintiff, CAD and interest at 9% from the date of each conversion.

### AS AND FOR A FIFTH CAUSE OF ACTION AND SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CAD ON PEARL, LLC

74.     That the plaintiff, CAD repeats and realleges each and every allegation set forth herein in paragraphs marked and designated 1 through 50 and paragraphs 68 through 73.

75.     That the defendants, Southern Wine and Southern Glazer's as the holders of New York State licenses authorizing the sale and delivery of alcoholic beverage at wholesale, were bound by the Laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms of their licenses, to deliver alcoholic beverage only to authorized retail licensees and to insure that all alcoholic beverage that it sold and delivered was properly ordered by and delivered to an authorized agent or employee of a retail licensee.

76.     That, upon information and belief, the defendants, Southern Wine and Southern Glazer's had in place certain policies and best practices to insure that alcoholic beverage was only ordered by and delivered to authorized agents or employees of a holder of a license authorized for the retail sale of alcoholic beverage.

77.     That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or

employees to receive orders for alcoholic beverage from persons who were not authorized to make such orders on behalf of licensees/plaintiffs whose retail licenses were utilized to place the orders in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

78.     That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to deliver alcoholic beverage to persons who were not authorized to receive alcoholic beverage on behalf of licensees/plaintiffs whose retail licenses were utilized for the delivery and to accept unauthorized or forged signatures upon documents acknowledging receipt of alcoholic beverage, in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

79.     That as a result of the negligence of the defendants herein, and without any negligence on behalf of the plaintiff CAD, the said CAD has been damaged in the amount of $250,000.00.

80.     That, upon information and belief, the actions and inactions of the defendants, as set forth herein, were known or should have been known to the managers, officers and/or owners of the defendants, and as a result of the foregoing, the negligence of the defendants herein was gross negligence and a wanton disregard for the truth..

81.     That as a result of the foregoing, the plaintiff CAD is entitled to compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

## AS AND FOR A SIXTH CAUSE OF ACTION AND
## THIRD CAUSE OF ACTION ON BEHALF OF
## CAD ON PEARL, LLC

82.     That the plaintiff, CAD repeats and realleges each and every allegation set forth herein in paragraph marked and designated 1 through 50 and 68 through 81.

83.     That the actions and inactions of the defendants, Southern Wine and Southern Glazer's herein were intentional acts committed by the defendants, Southern Wine and Southern Glazer's for monetary gain and in violation of the laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms and conditions of the said defendants' licenses issued by the New York State Liquor Authority authorizing the defendants, Southern Wine and Southern Glazer's to sell and distribute alcoholic beverage to retail licensees/plaintiffs at wholesale.

84.     That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's individually and jointly, have committed fraud upon the plaintiff, CAD all to plaintiff, CAD's damage in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION AND
## FIRST CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF, 28 THATCHER LLC

85.     The plaintiff, Thatcher restates and realleges each and every allegation set forth in paragraph marked 1 through 50 herein as if fully set forth.

86.     That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's did unlawfully convert money and property from the plaintiff, Thatcher.

87.     That from 2014 through July 2016 the plaintiff, Thatcher had "Will Call" orders that it did not authorize or receive in the sum of $14,492.53

88.     That from 2014 through July 2016 the plaintiff, Thatcher was charged for alcoholic beverage and had money withdrawn from its account by defendants, Southern Wine and Southern Glazer's for "Will Call" orders that it did not authorize or receive in the sum of at least $6,761.26

89.     That plaintiff, Thatcher had done business with the defendants, Southern Wine and Southern Glazer's since 2014 and has been informed and does believe that this scheme or plan has been ongoing, to plaintiff, Thatcher's detriment, for an extended period of time.

90.     That as a result of the foregoing, the plaintiff, Thatcher has been damaged in the sum of $6,761.26 together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, Thatcher's licensed establishment but not delivered to or received by the plaintiff, Thatcher and interest at 9% from the date of each conversion.

## AS AND FOR A EIGHTH CAUSE OF ACTION AND SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, 28 THATCHER LLC

91.     That the plaintiff, Thatcher repeats and realleges each and every allegation set forth herein in paragraphs marked and designated 1 through 50 and paragraphs 85 through 90.

92.     That the defendants, Southern Wine and Southern Glazer's as the holders of New York State licenses authorizing the sale and delivery of alcoholic beverage at wholesale, were bound by the Laws of the State of New York, the rules and regulations

of the New York State Liquor Authority and the terms of their licenses, to deliver alcoholic beverage only to authorized retail licensees and to insure that all alcoholic beverage that it sold and delivered was properly ordered by and delivered to an authorized agent or employee of a retail licensee.

93.    That, upon information and belief, the defendants, Southern Wine and Southern Glazer's had in place certain policies and best practices to insure that alcoholic beverage was only ordered by and delivered to authorized agents or employees of a holder of a license authorized for the retail sale of alcoholic beverage.

94.    That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to receive orders for alcoholic beverage from persons who were not authorized to make such orders on behalf of licensees/plaintiffs whose retail licenses were utilized to place the orders in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

95.    That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to deliver alcoholic beverage to persons who were not authorized to receive alcoholic beverage on behalf of licensees/plaintiffs whose retail licenses were utilized for the delivery and to accept unauthorized or forged signatures upon documents acknowledging receipt of alcoholic beverage, in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

96.    That as a result of the negligence of the defendants herein, and without any negligence on behalf of the plaintiff Thatcher, the said Thatcher has been damaged in the amount of $250,000.00.

97.    That, upon information and belief, the actions and inactions of the defendants, as set forth herein, were known or should have been known to the managers, officers and/or owners of the defendants and as a result of the foregoing, the negligence of the defendants herein was gross negligence and a wanton disregard for the truth.

98.    That as a result of the foregoing, the plaintiff Thatcher is entitled to compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

## AS AND FOR A NINTH CAUSE OF ACTION AND THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, 28 THATCHER LLC

99.    That the plaintiff, Thatcher repeats and realleges each and every allegation set forth herein in paragraphs marked and designated 1 through 50 and paragraphs 85 through 98.

100.    That the actions and inactions of the defendants, Southern Wine and Southern Glazer's herein were intentional acts committed by the defendants, Southern Wine and Southern Glazer's for monetary gain and in violation of the laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms and conditions of the said defendants' licenses issued by the New York State Liquor Authority authorizing the defendants, Southern Wine and Southern Glazer's to sell and distribute alcoholic beverage to retail licensees/plaintiffs at wholesale.

101.   That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's individually and jointly, have committed fraud upon the plaintiff, Thatcher all to plaintiff, Thatcher's damage in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

## AS AND FOR A TENTH CAUSE OF ACTION AND FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DEJOHN'S ON LARK, INC.

102.   The plaintiff, DeJohn's restates and realleges each and every allegation set forth in paragraph marked 1 through 50 herein as if fully set forth.

103.   That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's did unlawfully convert money and property from the plaintiff, DeJohn's.

104.   That from 2009 through July 2016 the plaintiff, DeJohn's had "Will Call" orders that it did not authorize or receive in the sum of $69,563.88.

105.   That from 2009 through July 2016 the plaintiff, DeJohn's was charged for alcoholic beverage and had money withdrawn from its account by defendants, Southern Wine and Southern Glazer's for "Will Call" orders that it did not authorize or receive in the sum of at least $15,701.42

106.   That plaintiff, DeJohn's had done business with the defendants, Southern Wine and Southern Glazer's since 2009 and has been informed and docs believe that this scheme or plan has been ongoing, to plaintiff, DeJohn's' detriment, for an extended period of time.

107.   That as a result of the foregoing, the plaintiff, DeJohn's has been damaged in the sum of $15,701.42 in addition to the additional amount converted by the

defendants, Southern Wine from 2009 through 2016 together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, DeJohn's' licensed establishment but not delivered to or received by the plaintiff, DeJohn's and interest at 9% from the date of each conversion.

## AS AND FOR A ELEVENTH CAUSE OF ACTION AND SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DEJOHN'S ON LARK, INC.

108.    That the plaintiff, DeJohn's repeats and realleges each and every allegation set forth herein in paragraphs marked and designated 1 through 50 and paragraphs 102 through 107.

109.    That the defendants, Southern Wine and Southern Glazer's as the holders of New York State licenses authorizing the sale and delivery of alcoholic beverage at wholesale, were bound by the Laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms of their licenses, to deliver alcoholic beverage only to authorized retail licensees and to insure that all alcoholic beverage that it sold and delivered was properly ordered by and delivered to an authorized agent or employee of a retail licensee.

110.    That, upon information and belief, the defendants, Southern Wine and Southern Glazer's had in place certain policies and best practices to insure that alcoholic beverage was only ordered by and delivered to authorized agents or employees of a holder of a license authorized for the retail sale of alcoholic beverage.

111.    That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to receive orders for alcoholic beverage from persons who were not

authorized to make such orders on behalf of licensees/plaintiffs whose retail licenses were utilized to place the orders in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

112.   That heretofore, the defendants, Southern Wine and Southern Glazer's individually and jointly, carelessly and negligently allowed their agents, servants and/or employees to deliver alcoholic beverage to persons who were not authorized to receive alcoholic beverage on behalf of licensees/plaintiffs whose retail licenses were utilized for the delivery and to accept unauthorized or forged signatures upon documents acknowledging receipt of alcoholic beverage, in violation of their own policies, best practices and the laws of the State of New York and the rules and regulations of the New York State Liquor Authority.

113.   That as a result of the negligence of the defendants herein, and without any negligence on behalf of the plaintiff DeJohn's, the said DeJohn's has been damaged in the amount of $250,000.00.

114.   That, upon information and belief, the actions and inactions of the defendants, as set forth herein, were known or should have been known to the managers, officers and/or owners of the defendants and as a result of the foregoing the negligence of the defendants herein was gross negligence and a wanton disregard for the truth.

115.   That as a result of the foregoing, the plaintiff DeJohn's is entitled to compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION AND
## THIRD CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF, DEJOHN'S ON LARK, INC.

116.   That the plaintiff, DeJohn's repeats and realleges each and every allegation set forth herein in paragraphs marked and designated 1 through 50 and paragraphs 102 through 115.

117.   That the actions and inactions of the defendants, Southern Wine and Southern Glazer's herein were intentional acts committed by the defendants, Southern Wine and Southern Glazer's for monetary gain and in violation of the laws of the State of New York, the rules and regulations of the New York State Liquor Authority and the terms and conditions of the said defendants' licenses issued by the New York State Liquor Authority authorizing the defendants, Southern Wine and Southern Glazer's to sell and distribute alcoholic beverage to retail licensees/plaintiffs at wholesale.

118.   That as a result of the foregoing, the defendants, Southern Wine and Southern Glazer's individually and jointly, have committed fraud upon the plaintiff, DeJohn's all to plaintiff, DeJohn's' damage in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

**WHEREFORE**, plaintiffs demand judgment as follows:

1.   The Barrel Saloon, LLC demands judgment on the First Cause of Action in the sum of $9,098.00 and additional sums as may be determined through discovery together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, Barrel's licensed establishment but

not delivered to or received by the plaintiff, Barrel and interest at 9% from the date of each conversion.

2.     The Barrel Saloon, LLC demands judgment on the Second Cause of Action for compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

3.     The Barrel Saloon, LLC demands judgment on the Third Cause of Action in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

4.     CAD on Pearl, LLC demands judgment on the Fourth Cause of Action in the sum of $10,473.77 and additional sums as may be determined through discovery together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, CAD's licensed establishment but not delivered to or received by the plaintiff, CAD and interest at 9% from the date of each conversion.

5.     CAD on Pearl, LLC demands judgment on the Fifth Cause of Action for compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

6.     CAD on Pearl, LLC demands judgment on the Sixth Cause of Action in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

7.     28 Thatcher LLC demands judgment on the Seventh Cause of Action in the sum of $6,761.26 and additional sums as may be determined through discovery

together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, Thatcher's licensed establishment but not delivered to or received by the plaintiff, Thatcher and interest at 9% from the date of each conversion.

8.    28 Thatcher LLC demands judgment on the Eighth Cause of Action for compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

9.    28 Thatcher LLC demands judgment on the Ninth Cause of Action in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

10.    DeJohn's on Lark, Inc. demands judgment on the Tenth Cause of Action in the sum of $15,701.42 and additional sums as may be determined through discovery together with the damage from the loss of use of those funds and the financial exposure for the alcoholic beverage allegedly sold to plaintiff, DeJohn's' licensed establishment but not delivered to or received by the plaintiff, DeJohn's and interest at 9% from the date of each conversion.

11.    DeJohn's on Lark, Inc. demands judgment on the Eleventh Cause of Action for compensatory damages in the amount of $250,000.00 and punitive damages as may be fixed together with counsel fees.

12.    DeJohn's on Lark, Inc. demands judgment on the Twelfth Cause of Action in the amount of $250,000.00, together with punitive damages as may be fixed and counsel fees.

13.     Together with such other relief as the court may deem just and proper and

the costs and disbursements of this action.

Dated: November 14, 2016                    LINNAN & FALLON, LLP
Albany, New York

By: JAMES D. LINNAN, Esq.
*Attorneys for the Plaintiffs*
61 Columbia Street, Suite 300
Albany, New York 12210-2736
Telephone: (518) 449-5400

26

STATE OF NEW YORK
SUPREME COURT             COUNTY OF ALBANY

_____

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                                                    **VERIFICATION**

                              Plaintiffs,

        -against-                                   **Index No.:**

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

                              Defendants.

_____

STATE OF NEW YORK      )
COUNTY OF ALBANY       ) ss.:

    I, Christopher M. Pratt, being duly sworn, depose and say that I am a Member/Manager

of The Barrel Saloon, LLC; that I have read the foregoing COMPLAINT and know the contents

thereof; that the same is true to my knowledge, except as to matters therein stated to be alleged

on information and belief, and that as to those matters, I believe same to be true.

                              _____
                              CHRISTOPHER M. PRATT

Sworn to before me this

_15_ day of November, 2016

_____
NOTARY PUBLIC

        JAMES D. LINNAN
    Notary Public, State of New York
       Qualified in Albany County
            No. 02LI2371350
Commission Expires March 30, 20_17_

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ALBANY

_____

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                                                           **VERIFICATION**

                             Plaintiffs,

       -against-                                   **Index No.:**

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

                             Defendants.

_____

STATE OF NEW YORK    )
COUNTY OF ALBANY    )  ss.:

      I, Christopher M. Pratt, being duly sworn, depose and say that I am a Member/Manager

of CAD on Pearl, LLC; that I have read the foregoing COMPLAINT and know the contents

thereof; that the same is true to my knowledge, except as to matters therein stated to be alleged

on information and belief, and that as to those matters, I believe same to be true.

                                                                            _____
                                                               CHRISTOPHER M. PRATT

Sworn to before me this

_15_ day of November, 2016

_____
NOTARY PUBLIC

JAMES D. LINNAN
Notary Public, State of New York
Qualified in Albany County
No. 02LI2371350
Commission Expires March 30, 20_17_

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ALBANY

---

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                                             **VERIFICATION**

                        Plaintiffs,

      -against-                               **Index No.:**

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

                        Defendants.

---

STATE OF NEW YORK       )
COUNTY OF ALBANY        ) ss.:

        I, Christopher M. Pratt, being duly sworn, depose and say that I am a Member/Manager

of 28 Thatcher LLC; that I have read the foregoing COMPLAINT and know the contents

thereof; that the same is true to my knowledge, except as to matters therein stated to be alleged

on information and belief, and that as to those matters, I believe same to be true.

                                        _____
                                        CHRISTOPHER M. PRATT

Sworn to before me this

_15_ day of November, 2016

_____
NOTARY PUBLIC

        JAMES D. LINNAN
    Notary Public, State of New York
      Qualified in Albany County
         No. 02LI2371350
    Commission Expires March 30, 20_17_

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ALBANY

---

The Barrel Saloon, LLC; CAD on Pearl, LLC;
28 Thatcher LLC; and DeJohn's on Lark, Inc.,
59-61 North Pearl Street, Albany, New York,

                  **VERIFICATION**

           Plaintiffs,

   -against-                **Index No.:**

Southern Wine and Spirits of Upstate New York, Inc.
and Southern Glazer's Wine and Spirits of Upstate New York LLC,
25 Corporate Circle, Suite 102 B, Albany, New York

           Defendants.

---

STATE OF NEW YORK    )
COUNTY OF ALBANY    ) ss.:

    I, Christopher M. Pratt, being duly sworn, depose and say that I am the President of DeJohn's on Lark, Inc.; that I have read the foregoing COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters, I believe same to be true.

                                  CHRISTOPHER M. PRATT

Sworn to before me this

_15_ day of November, 2016

NOTARY PUBLIC

        JAMES D. LINNAN
    Notary Public, State of New York
     Qualified in Albany County
       No. 02LI2571350
  Commission Expires March 30, 20 _17_